

1:06CV0889
JUDGE DEE D DRELL
MAGISTRATE JUDGE JAMES KIRK

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SHANE KESSLER | * | CIVIL ACTION NO. |
| | * | |
| | * | JUDGE |
| vs. | * | |
| | * | MAGISTRATE |
| | * | |
| VAN RU CREDIT CORP. | * | JURY DEMAND |

### COMPLAINT

Plaintiff alleges:

### I. PRELIMINARY STATEMENT

1. This complaint is filed and these proceedings are instituted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "the Act"), for declaratory relief and to recover actual damages, statutory damages, reasonable attorney fees, and costs by reason of the defendant's violation of the Act.

### II. JURISDICTION AND VENUE

2   Jurisdiction of this court is invoked pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

3. Venue is appropriate under 28 USC 1391 in that defendant transacts business in this District and the conduct complained of occurred here.

### III.   PARTIES

4.   Plaintiff, Shane Kessler, is a citizen of this state and resident of this district. He is a natural person obligated or allegedly obligated to pay a debt and thus, is a consumer within the meaning of 15 U.S.C. § 1692a(3).

5.   The defendant, Van Ru Credit Corp. (hereinafter "Defendant" or "Van Ru"), is an Illinois corporation with its principal office located at 10024 Skokie Blvd., Skokie, IL 60077 and can be served through its registered agent for service of process CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809. The defendant uses instrumentalities of interstate commerce and the mails in its businesses, the principal purpose of which is the collection of debts.

6.   Defendant is a "debt collector" within the meaning of § 803 of the Act, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.   On or about March 2, 2006, one of defendant's employees telephoned at his home in this district for the purpose of attempting to collect a debt purportedly owed by Plaintiff to Capitol One.

8.   Prior to the verbal communication from defendant on March 2, 2006, Plaintiff had received no written communication from defendant about the purported debt nor had defendant made any disclosures nor given any notice to Plaintiff about the purported debt.

9.   At no time during the initial communication between Plaintiff and defendant's employee on March 2, 2006 did defendant's employee disclose to Plaintiff that he was a debt collector seeking to collect a debt and that any information obtained from Plaintiff

2

during the course of the communication would be used for that purpose.

10. At no time during five-day period that followed this initial communication between Plaintiff and defendant's employee on March 2, 2006, did defendant send Plaintiff a written notice advising Plaintiff of his right to dispute the validity of the debt, nor of the defendant's obligation to obtain verification of the debt and mail same to the Plaintiff in the event of such dispute.

11. During the March 2, 2006 telephone conversation between defendant's employee and Plaintiff, defendant's employee represented to Plaintiff that Plaintiff had a $759.34 balance with Capitol One that was past due.

12. Defendant's employee represented to Plaintiff that Plaintiff could close out the account immediately if Plaintiff would pay defendant, by way of a check over the phone, $531.64.

13. Defendant's employee represented to Plaintiff that, in exchange for this immediate payment, Plaintiff's credit rating would be improved by way of the following:

   a. his credit reports would show that he paid the loan off;

   b. payment would boost his credit rating; and

   c. his credit reports would show that the account was paid in full.

14. Later in the conversation, defendant's employee represented to Plaintiff that defendant could see to it that any reference to the Capitol One account would be totally deleted from Plaintiff's credit reports, if the partial payment was made.

15. Later during the same telephone call, the supervisor of defendant's supervisor, whose name was given as "Stone," spoke to Plaintiff and assured Plaintiff that any

3

reference to the account on Plaintiff's credit report after the requested payment would reflect that the account was paid in full and that Plaintiff's credit standing would be upgraded as a result of the payment.

16. On March 2, 2006, defendant wrote to Plaintiff on correspondence bearing a Capital One letterhead, a copy of which letter is attached as Exhibit "A," and, again, represented to Plaintiff that, in exchange for an immediate payment in the amount of $400.00, the account would be "considered settled in full with a zero balance due" and that "your account will no longer be reported to any credit reporting agency and will be reflected as a closed with a zero balance due."

17. On March 3, 2006, defendant's representative Sean Kaz or Caz called Plaintiff and demanded a payment of $400.00. Defendant's representative told Plaintiff that, upon receipt of his payment of $400.00, defendant would ensure that the balance of the subject account would be reduced to zero and promised that the defendant would not sell the account to any other collection agency or debt buyer.

18. On March 3, 2006, Plaintiff caused funds in the amount of $400.00 to be wired to Van Ru through Western Union, incurring actual damages in the form of a service charge in the amount of $12.95 paid to Western Union.

19. On March 14, 2006, Plaintiff called defendant to advise that defendant had failed to confirm to Plaintiff that his payment had been received and that his account had been credited.

20. Plaintiff further advised defendant that there had been no change in the reporting status of the subject account on his credit report.

21. Defendant's representative Ms. Walker advised Plaintiff that Capital One would be deleting the account from Plaintiff's credit reports as if the account never existed.

22. Following the March 14, 2006 telephone conversation, Plaintiff called defendant and spoke to defendant's representative Charles Cryer.

23. For the first time throughout Plaintiff's communications with defendant, defendant, through Mr. Cryer, represented to Plaintiff that defendant was not in a position to tell Capital One how or what to report to the credit reporting agencies about the subject account, such that defendant could not accomplish what was previously promised to Plaintiff by defendant as an inducement for him to pay $400.00.

## CLAIM FOR RELIEF

24. Defendant violated the FDCPA through the conduct of its employee. Defendant's violations include, without limitation:

   a. employing false, deceptive, and/or misleading representations in connection with the collection of the purported debt, in violation of 15 U.S.C. § 1692 e;

   b. employing false and/or misleading representations of the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692 e(2);

   c. engaging in communication with Plaintiff without disclosing to Plaintiff that the communication was an attempt to collect a debt and was from a debt collector, in violation of 15 U.S.C. § 1692 e(11);

   d. engaging in unfair and/or unconscionable means to collect the alleged

5

            debt, in violation of 15 U.S.C. § 1692 f;

e.    failing to provide Plaintiff with an effective validation notification within five days of the initial communication, in violation of 15 U.S.C. § 1692 g;

f.    communicating false credit information in violation of 15 U.S.C. § 1692 e(8);

g.    engaging in false representations and/or deceptive means to collect the debt, in violation of 15 U.S.C. § 1692 e(10); and

h.    other violations to be shown at trial.

25.    As a result of the above violations of the FDCPA, defendant is liable to Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, attorney's fees and litigation costs.

26.    As a result of these violations, plaintiff is entitled to recover actual damages plus a statutory penalty of ONE THOUSAND ($1,000.00) DOLLARS, plus reasonable attorney fees and costs of this action as provided by 15 U.S.C. § 1692k(a) against the defendant.

27.    Defendant's actions have caused Plaintiff to suffer severe emotional distress.

28.    Plaintiff demands a trial by jury.

**WHEREFORE,** plaintiff prays for judgment against the defendant and in his favor as follows:

I.   Declaratory judgment that Defendant's acts violated the FDCPA.

II.  Actual damages pursuant to 15 U.S.C. § 1692k.

III. Statutory damages pursuant to 15 U.S.C. § 1692k.

IV.  Attorney fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k.

V.   Such other and further relief as may be just and proper.

Respectfully Submitted:

**KOEDERITZ & WILKINS, LLC**

By: _/s/ W. Paul Wilkins_

W. Paul Wilkins (Bar No. 19830)
Gary P. Koederitz (Bar No. 07768)
8702 Jefferson Hwy., Ste. A
Baton Rouge, LA 70809
225.928.9111
e-mail: paul@kwlawbr.com

**KOEDERITZ & WILKINS, LLC**
Attorneys at Law
8702 Jefferson Highway
Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 928-9111
Facsimile: (225) 926-7117
www.kwlawbr.com

GARY P. KOEDERITZ
gary@kwlawbr.com

W. PAUL WILKINS
paul@kwlawbr.com

*U.S. DISTRICT COURT WESTERN DISTRICT OF LOUISIANA RECEIVED MAY 30 2006 ROBERT H. SHEMWELL, CLERK BY ___ DEPUTY*

May 26, 2

Clerk of Court
United States District Court
Western District of Louisiana
515 Murray Street
105 Post Office Bldg.
Alexandria, LA 71309

1:06CV0889
JUDGE DEE D DRELL
MAGISTRATE JUDGE JAMES KIRK

Re:   *Shane Kessler v. Van Ru Credit Cor*

Gentlemen:

Enclosed herein is original Complaint, which we ask that you file into your records. Also enclosed are three additional copies; please return two conformed copies to us. Also enclosed is original and two copies of Summons in a Civil Case. Please return two sealed copies of the summons to us for service.

Finally, enclosed is our check in the amount of $350.00 which we understand is your charge for filing this complaint.

We thank you in advance for your attention to this matter, and with kindest regards, remain

Very truly yours,

KOEDERITZ & WILKINS

W. Paul Wilkins

WPW/aw
Enclosures

cc:   Mr. Shane Kessler (w/enclosure)